FILED
2011 Feb-07 AM 09:16
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| ERNEST O. AVERITTE, HERSCHEL JOHNSON, AND DANIEL BROWN, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No.: 2:10-CV-84-JEO ) |
| BWW, INC., AND SERVPRO OF GREATER BIRMINGHAM, INC., | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

**I.   Background and Procedural History**

The magistrate judge filed a report and recommendation on December 6, 2010 (Doc. 31), recommending that the Motion for Leave to File Second Amended Complaint (Doc. 25) (the "Motion") of Plaintiffs, Earnest O. Averitte ("Mr. Averitte"), Herschel Johnson ("Mr. Johnson"), and Daniel Brown ("Mr. Brown"), be **DENIED** as to Count Six (with respect to Mr. Averitte only), and that it be **GRANTED** in all other respects. (Doc. 31 at 9; *see also id.* at 1 ("[T]he defendant argues that plaintiff Averitte's religion based discrimination and retaliation claims are untimely and should not be allowed.") (footnote omitted)). As proposed in Plaintiffs'

Second Amended Complaint, Count Six is entitled "**RELIGIOUS DISCRIMINATION, HOSTILE ENVIRONMENT[,] AND RETALIATION**" and is asserted by all three plaintiffs. (Doc. 25-1 at 13; *id.* ¶ 63).

On December 31, 2011, Plaintiffs objected to the report and recommendation to the extent that it recommended a denial of the Motion as to Count Six for Mr. Averitte. (Doc. 33, Plaintiffs' Opposition to the Report and Recommendation of the Magistrate Judge). Defendant responded on January 11, 2011. (Doc. 34, Defendant's Response to Plaintiffs' Opposition to the Report and Recommendation of the Magistrate Judge).

On January 12, 2011, the Motion and the report and recommendation, but not the case, was referred to the undersigned. (Doc. 35). The Motion, the report and recommendation, Plaintiffs' objections, and Defendant's response are now under submission.

For the reasons explained below, the magistrate judge's report is due to be **ACCEPTED**, and his recommendation is due to be **ADOPTED**. Likewise, Plaintiff's objections are due to be **OVERRULED**. Accordingly, Plaintiffs' Motion is due to be **DENIED** as to Count Six for Mr. Averitte only and is otherwise due to be **GRANTED**.

## II.     Standard of Review

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. *See* 28 U.S.C. § 636(b)(1); *Williams v. Wainwright*, 681 F.2d 732 (11th Cir. 1982). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990) (citation omitted). A district judge must review legal conclusions *de novo*, even in the absence of an objection. *See Cooper-Houston v. Southern Ry.*, 37 F.3d 603, 604 (11th Cir. 1994); *Castro Bobadilla v. Reno*, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), *aff'd* 28 F.3d 116 (11th Cir. 1994).

That said, the court also acknowledges the principle that "[n]either the Constitution nor the statute requires a district judge to review, *de novo*, findings and recommendations that the parties themselves accept as correct." *United States v. Woodard*, 387 F.3d 1329, 1334 (11th Cir. 2004) (citation omitted). Moreover, absent specific objections, there is no requirement that a district judge review factual findings *de novo*. *See Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993)

(noting that when a party "did not file specific objections to *factual findings* by the magistrate judge, there was no requirement that the district court *de novo* review those findings") (emphasis in original) (citations omitted).

Additionally, it is incumbent upon the parties to timely raise <u>any</u> objections that they may have regarding a magistrate judge's findings contained in a report and recommendation, as the failure to do so subsequently waives or abandons the issue, even if such matter was presented at the magistrate judge level. *See, e.g., U.S. v. Pilati*, ___ F.3d ___, 2010 WL 5129015, at *4 (11th Cir. 2010) ("While Pilati raised the issue of not being convicted of a qualifying offense before the magistrate judge, <u>he did not raise this issue in his appeal to the district court</u>. Thus, <u>this argument has been waived or abandoned</u> by his failure to raise it on appeal to the district court.") (emphasis added).

### III. <u>Overview of Plaintiffs' Objections</u>

While Plaintiffs acknowledge that the magistrate judge "cited correct law," they complain that the report and recommendation "fails to adequately credit the well-settled precedent that federal courts are 'extremely reluctant' to allow procedural technicalities to bar discrimination or retaliation claims." (Doc. 33 at 2). In sum, Plaintiffs contend that the magistrate judge's ruling is just too harsh under the circumstances.

Plaintiffs also emphasize the fact that Plaintiff Averitte was proceeding *pro se* when he filed his first charge of discrimination. (*See, e.g.*, Doc. 33 at 3 ("There are several reasons why a charging party - especially an *unrepresented* charging party like Averitte - might make mistakes, accidentally omit facts, or be unclear in an initial charge of discrimination.) (footnote omitted); Doc. 33 at 5 (referring to "Averitte's first *pro se* charge of discrimination"); Doc. 33 at 7-8 ("It is *entirely* plausible that Averitte, filing *pro se*, had no idea that ServPro's religious practices could be unlawful until he later spoke with an EEOC representative or an attorney")).

Additionally, Plaintiffs maintain that adopting the report and recommendation "encourages a charging party to [unhelpfully] check every box on the EEOC form when they complain - just in case." (Doc. 33 at 8). Plaintiffs conclude by stating that "adoption of this Report and Recommendation would promote injustice and undermine the purpose and spirit of discrimination laws and the EEOC." (*Id.* at 8).

IV. **Analysis**

Consistent with *de novo* assessment, the undersigned has independently determined that Mr. Averitte should not be allowed to assert any religious-based claims in Count Six of Plaintiffs' proposed Second Amended Complaint because, as the magistrate judge properly concluded, such an amendment would be futile. Within their objections, Plaintiffs have pulled together certain principles of the law from

some binding as well as non-binding authorities in an effort to persuade this court that the doctrine of futility should not apply because Mr. Averitte was proceeding *pro se* when he filed his initial charge of discrimination. (*See, e.g.*, Doc. 33 at 2 (quoting *Gregory v. Georgia Dept. of Human Resources*, 355 F.3d 1277 (11th Cir. 2004)); Doc. 33 at 4 (quoting *Antonopulos v. Aerojet-General Corp.*, 295 F. Supp. 1390 (D.C. Cal. 1968))).

However, what is noticeably lacking from Plaintiffs' objections is an example of even one on-point authority in which a court permitted a *pro se* party to litigate claims included in an amended charge under circumstances similar to Mr. Averitte (*i.e.*, no marking of or referring to religious discrimination on his initial charge filed on December 8, 2008 (*see* Doc. 27-2 at 11 at "DISCRIMINATION BASED ON" and "THE PARTICULARS ARE" sections), and no mention of "being forced from [] employment on January 9, 2009" until the filing of his amended charge on September 30, 2009). (Doc. 25-3). Particularly as it pertains to retaliatory discharge, because Mr. Averitte's initial charge does not mention religion, any subsequent retaliation in the form of a termination as alleged in his amended charge could not have been causally connected to Mr. Averitte's complaining to the EEOC about religious discrimination.

Similarly, Plaintiffs have not cited even one example of a decision in which a

court committed legal error by disallowing the type of amendment that Mr. Averitte seeks to plead because such a count could "reasonably be expected to grow out of the [initial] charge of discrimination." (Doc. 31 at 3 (citing *A.M. Alexander v. Fulton Count, Georgia*, 207 F.3d 1303, 1332 (11th Cir. 2000) (emphasis added), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304, 1328 n.52 (11th Cir. 2003)); *see* Doc. 33 at 8-9 ("For those reasons, it would be error for the District Court to adopt Judge Ott's findings, analysis, or conclusion in his Report and Recommendation of December 6, 2010.") (emphasis added))); *see also Flanigan's Enters., Inc. v. Fulton County, Ga.*, 242 F.3d 976, 987 n.16 (11th Cir. 2001) (holding that a party waives an argument if the party "fail[s] to elaborate or provide any citation of authority in support" of the argument); *Ordower v. Feldman*, 826 F.2d 1569, 1576 (7th Cir. 1987) (stating that an argument made without citation to authority is insufficient to raise an issue before the court).

Additionally, the court agrees with the magistrate judge that *Gregory* is significantly distinguishable because "at the time Dr. Gregory filed her original EEOC charge, she complained about her termination[; and yet] [i]n the instant case [] Averitte had not yet been terminated at the time he filed his original charge." (Doc. 31 at 8). As the *Gregory* court framed the issue there:

> The proper inquiry here therefore is whether Dr. Gregory's

> complaint was like or related to, or grew out of, the allegations contained in her EEOC charge. Dr. Gregory, without the aid of counsel, filed an EEOC charge *after* she was terminated. <u>The ultimate act that she complained about was that she was terminated</u>. At the point at which she filed the charge, she "believe[d]" that she was terminated because of her race and sex. She set forth the relevant dates of discrimination in the charge, as well as the reasons why she believed she was terminated. Although not clear in the record, the EEOC presumably investigated, at least in some fashion, the possible reasons why Dr. Gregory was terminated, growing from her initial "belief" that it was because of her race and sex. Indeed, there could be various permutations of non-legitimate reasons why an employee is ultimately terminated. In Dr. Gregory's situation, for example, it could be that race and sex were the only reasons, as she initially believed, why she was terminated. <u>It could also be, however, that Dr. Gregory was terminated *in retaliation* for having complained about Dr. Fuller's disparate treatment of her, *inter alia*, during physician scheduling and patient assignments</u>. It could further be that she was terminated for actual legitimate reasons, which is not likely the case here because there is a $10,000 jury verdict in favor of Dr. Gregory suggesting otherwise.

*Gregory*, 355 F.3d at 1280 (emphasis by underlining added).

Another key distinction is that, unlike Mr. Averitte in Count Six, Dr. Gregory did not seek to assert retaliation premised upon protected activity connected to some new theory of discrimination, *i.e.*, age, disability, or religion, which was not alleged as part of her timely filed EEOC charge. Instead, her retaliation claim was tied to the complaints of disparate treatment that she made on the basis of race and sex, and race and sex were both disclosed as potential bases for discrimination when Dr. Gregory filed her charge.

Plaintiffs also fail to mention much less explain why the magistrate judge's reliance upon *Mathis v. Leggett & Platt*, 263 Fed. Appx. 9 (11th Cir. 2008), as persuasive authority in support of his recommendation to disallow the proposed amendment, is misplaced. *See Mathis*, 263 Fed. Appx. at 2 & n.2 ("The district court was correct to dismiss Mathis's race discrimination claim under Title VII, his age discrimination claim, and his disability discrimination claim because ["Mathis had only checked the box for discrimination on the basis of 'sex'" when filing his original charge and] Mathis failed to exhaust administrative remedies [for these particular claims] prior to filing suit.") (emphasis added); *id.*, 263 Fed. Appx. at 2 ("These claims only surfaced in an untimely EEOC charge and do not relate back to the initial timely filing.") (emphasis added) (footnote omitted); *id.* ("Mathis's amendments did not 'spell[ ] out in greater detail facts tending to demonstrate' the discrimination he alleged in his initial charge.") (quoting *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 465 (5th Cir. 1970)).[1] Like the magistrate judge, this court finds *Mathis* to be persuasive and applies its reasoning in the context of this case.

**V.      Conclusion**

Therefore, having carefully considered the materials in the court file, including

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

the report and recommendation, and after conducting a *de novo* review of the record relating to Plaintiff's objections, the magistrate judge's report is **ADOPTED** and his recommendation is **ACCEPTED**. Relatedly, Plaintiffs' objections are **OVERRULED**. Finally, Plaintiffs' Motion is **DENIED** as to Count Six for Mr. Averitte only and is otherwise **GRANTED**.

    **DONE** and **ORDERED** this the 7th day of February, 2011.

 

                                              **VIRGINIA EMERSON HOPKINS**
                                              United States District Judge